**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| XINSHENG WANG, | No. 12-73188 |
| Petitioner, | Agency No. A089-799-266 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted March 10, 2014[**]

Before:    PREGERSON, LEAVY, and MURGUIA, Circuit Judges.

Xinsheng Wang, a native and citizen of China, petitions for review of the

Board of Immigration Appeals' ("BIA") order dismissing his appeal from an

immigration judge's decision denying his application for asylum.  We have

jurisdiction under 8 U.S.C. § 1252.  We review for substantial evidence the

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

agency's factual findings. *Zehatye v. Gonzales*, 453 F.3d 1182, 1184-85 (9th Cir. 2006). We grant the petition for review and remand.

Wang's testimony and written statement indicate he was arrested, struck, and detained for six days for holding a house church gathering at his store. During his second interrogation, he was struck again and forced to sign a document requiring weekly reporting and monitoring and barring him from his Christian contacts, activities, and beliefs. The authorities also sealed his store and confiscated his business license. Before coming to the United States, he reported 18 times and had to report whether he was complying with the religious ban. After he stopped reporting, he did not return home.

In finding Wang did not suffer past persecution, the BIA characterized his experience as a "single, isolated encounter with the authorities." Substantial evidence does not support this finding because the BIA did not address the full extent of Wang's past harm. *See Korablina v. INS*, 158 F.3d 1038, 1044 (9th Cir. 1998) ("[t]he key question is whether, looking at the cumulative effect of all the incidents a petitioner has suffered, the treatment [he] received rises to the level of persecution"); *Guo v. Ashcroft*, 361 F.3d 1194, 1203 (9th Cir. 2004). Further, in assessing Wang's future fear, the agency did not give Wang an opportunity to corroborate his account of continuing police interest, *see Ren v. Holder*, 648 F.3d

12-73188

1079, 1090-93 (9th Cir. 2011), and the BIA did not acknowledge that his continued religious contacts were in secret. In light of the BIA's failure to fully address past persecution and the possibility of a presumption of future fear, we do not otherwise address the agency's finding that Wang failed to establish a well-founded fear of future persecution. Thus, we grant the petition as to Wang's asylum claim and remand to the BIA for further proceedings consistent with this disposition. *See INS v. Ventura*, 537 U.S. 12, 16-18 (2002) (per curiam).

**PETITION FOR REVIEW GRANTED; REMANDED.**